Date signed October 21, 2011



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| CHARLES S. RAND | : | Case No. 10-33246PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| STEVE STEINBERG | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 11-0572PM |
| | : | |
| CHARLES S. RAND | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

Following the Clerk's Entry of Default on August 22, 2011, the Defendant filed a timely Motion to vacate the default on September 1, 2011. The matter came before the court for a hearing on the Motion on October 19, 2011.

Charles S. Rand ("Debtor" or "Defendant") is an attorney who has been at the bar for more than 35 years. This is his third individual bankruptcy case, and he has appeared as attorney-of-record in five matters before this court. Debtor's Motion is opposed by the Plaintiff.

This bankruptcy case under Chapter 7 was filed on October 10, 2010. Terence B. Garvey, an experienced bankruptcy attorney, appeared on behalf of the Debtor, and the parties agreed to a fee of $2,500.00, $325.00 of which was paid prior to the filing of the case. The record does not reflect whether the balance of the fee was paid. The Bankruptcy Rule 2016(b) Statement filed by counsel expressly disclaimed representation of the Debtor in adversary

proceedings, motions, other contested bankruptcy matters, and United States Trustee audits. This is customary in cases under Chapter 7. Counsel had no obligation to represent him in this adversary proceeding, and, apparently after being requested, declined to do so. Defendant states that on Mr. Garvey's recommendation, he contacted an unnamed attorney, who did not respond until 11 of the 30 days within which he had to answer had elapsed, and that the parties were unable to reach agreement as to the terms of representation.

Defendant claims that he failed to read the Summons carefully, thinking that an answer was due 30 days after service, not after issuance of the Summons. The court finds this explanation unworthy of belief, particularly in the light of his performance in two adversary proceedings where he appeared in defense of his law firm and filed timely answers. This was not his first appearance in the court, and there is nothing unclear about the Summons. While the Defendant filed an answer to the Complaint together with his Motion to vacate the default, nothing stated therein approaches a meritorious defense to the allegations contained in the Amended Complaint.

The Court of Appeals has enunciated its strong policy for trials on the merits, particularly where the Defendant acts with reasonable diligence and presents a meritorious defense. *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3rd 413, 417-18 (CA4 2010). Here, the Defendant acted with reasonable diligence, although, as stated above, the court is still looking for a meritorious defense to the action. *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 254 (CA4 1974); *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251 (CA4 1967).

As explained in *Consolidated Masonry & Fireproofing, Inc.*, *supra* at 251, 252, besides considerations of a meritorious defense and action within reasonable promptness, the court also looks to the personal responsibility of the defaulting party and the prejudice to the other side, whether there is a history of dilatory actions and the availability of sanctions less drastic. Here, the Defendant cannot point the finger at anyone but himself for his failure to file a timely response. *Cf. United States v. Moradi*, 673 F.2d 715, 728 (CA4 1982). On the other hand, the court cannot find any substantial prejudice to the Plaintiff in setting aside the default. The question of a history of dilatory action is inapplicable, and no other sanctions besides the default appear applicable.

Finally, this case must also be viewed in consideration of the requirements of Fed. R. of Civ. Proc. 55(c) and 60(b) made applicable to adversary proceedings by Bankruptcy Rules 7055

and 9024.  The burden on a movant seeking relief under the two Rules is not the same.  Rule 60(b) motions request relief from a judgment, and its "excusable neglect" standard is a more onerous standard than Rule 55(c)'s "good cause" standard.  *See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., supra* at 420.  Numerous decisions have held that Rule 55(c) must be liberally construed in order to provide relief from the onerous consequences of default, and therefore a somewhat more lenient standard is applied to Rule 55(c) motions than to motions brought under Rule 60(b).  *See generally, Wainwright's Vacations LLC v. Pan American Airways Corp*, 130 F.Supp.2d 712, 717 (D. Md. 2001).

   After consideration of all of the relevant factors, in the light of the overarching policy of the Fourth Circuit for trials on the merits, the court believes that, by the slightest of margins, the Defendant is entitled to the relief sought.  An appropriate order will be entered.

cc:
Alan D. Eisler, Esq. 1140 Rockville Pike, Suite 570, Rockville, MD 20852
Charles S. Rand, 751 Rockville Pike, Suite 7, Rockville, MD 20852
Steven H. Greenfeld, Esq., 7910 Woodmont Avenue, Suite 780, Bethesda, MD 20814

**End of Memorandum**